NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2421
_____

BARRY VASBINDER,
Appellant

v.

SECRETARY DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-01239)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2012
_____

Before: AMBRO, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 6, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Barry Vasbinder appeals the District Court's grant of summary judgment to his

employer, Butler Veterans Administration Medical Center ("Butler VA"), in his suit

under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et*

*seq.*, alleging discrimination on the basis of age and retaliation. For the reasons that follow, we will affirm.

I.

Because we write solely for the parties, we set forth only those facts necessary to our decision. Vasbinder began working for the Butler VA in December 1990. Approximately ten years later, he was assigned to the position of Utility Systems Repairer Operator in the boiler plant. As a boiler plant operator, Vasbinder was responsible for continuously monitoring the plant's equipment to prevent malfunctions that could result in explosions, property damage, interruptions of medical services, injuries, or fatalities. Vasbinder was later promoted to the position of Utility Systems Repairer Operator Leader.

On a Saturday morning in November 2008, Vasbinder was the only person working in the boiler plant when he began his shift at 7:45 a.m. Calvin Sedgwick, the Utility Systems Operations Supervisor and Vasbinder's immediate supervisor, testified that, when he arrived to the plant at approximately 9:00 a.m., he found Vasbinder sleeping on the floor of the office, with a pillow, one or two blankets, and an alarm clock nearby. Vasbinder admits that he told Sedgwick that he was "relaxing," but denies that he was sleeping or that he had a pillow and blankets in the office. Sleeping while responsible for the boiler plant was a serious offense because of the potential consequences of an equipment malfunction.

Later that day, Sedgwick prepared a report documenting the incident. The following Monday, human resources helped Sedgwick prepare a second report about the

2

incident. Jeff Heiger, the Program Manager and Chief Engineer of Facilities Management, normally would have dealt with Sedgwick's report, but he was out of town at the time of the incident. In Heiger's absence, Daniel Michalek, a supervisor in Facilities Management and Sedgwick's immediate supervisor, prepared a report based on the information Sedgwick provided. After discussing the incident with several employees and noting the "bad blood" between Vasbinder and Sedgwick, and between Vasbinder and other boiler plant operators, Michalek concluded that Sedgwick's account of the incident was accurate. Sedgwick filed a Request for Disciplinary Action Memo requesting that Vasbinder be terminated based on the seriousness of the incident.

Upon his return, Heiger reviewed a packet of information relating to the incident. Based on the reports of Sedgwick and Michalek, Heiger filed a Removal Letter proposing that Vasbinder be terminated for sleeping on duty, endangering the safety of the Butler VA premises through carelessness or negligence, and deliberately failing to or unreasonably delaying the carrying out of his duties. Vasbinder filed a written response to the Removal Letter in which he denied sleeping on the job and claimed that Sedgwick manufactured the controversy because of the strained relationship between the two. Vasbinder, who was Sedgwick's supervisor until Sedgwick was promoted, claims that Sedgwick spoke ill of him to Jim Stockman, Vasbinder's previous supervisor with whom Vasbinder also did not get along. Vasbinder contends that Sedgwick's criticism influenced Stockman's decision to transfer a significant part of Vasbinder's responsibilities to a younger employee. Vasbinder complained to Human Resources about Sedgwick's conduct to no avail. Vasbinder claims that Sedgwick's dislike of

3

Vasbinder continued even after Sedgwick was promoted to become Vasbinder's supervisor.

Richard Cotter, the Associate Director of the Butler VA, ultimately decided not to fire Vasbinder. Cotter instead chose to demote Vasbinder from Boiler Plant Operator Leader to Maintenance Worker, and to replace Vasbinder's former position with a similar, but nonsupervisory position. Vasbinder filed an equal employment opportunity ("EEO") complaint about his demotion, but failed to win on his claims.

In October 2009, an opening for the position of Utility Systems Repair Operator was announced. Four candidates, including Vasbinder, were selected to interview for the position. The interviews were conducted in November 2009 by a panel chosen by Heiger and consisting of Michalek and two other supervisors. All candidates were asked the same questions and the panel members rated the interviews on a numerical scale. Michalek testified that Vasbinder provided generic answers to interview questions, whereas Bruce Campbell, another candidate, provided stronger answers that related specifically to the operation of a boiler plant. Campbell received the highest score from the panel and was selected as the most qualified candidate for the position. Heiger ultimately offered the position to Campbell, who is approximately 18 months older than Vasbinder.

Vasbinder testified that the Butler VA has an unwritten policy "to get rid of older employees." However, when the alleged discrimination occurred, all but one of Vasbinder's five coworkers were older than Vasbinder, and even he testified that two of the older coworkers were treated well. Vasbinder nonetheless alleges that Sedgwick,

4

Heiger, Cotter, and Michalek discriminated against him on the basis of his age. Vasbinder also accuses Assistant Human Resources Officer Teneal Caw and Butler VA Director Patricia Nealan of discriminating against him because they played minor roles in his demotion.

Vasbinder filed a complaint in the District Court against the Butler VA, alleging age-based discrimination in his demotion, and retaliation in hiring Campbell instead of him. The Butler VA moved for summary judgment on the grounds that (1) Vasbinder failed to establish a *prima facie* case of age discrimination, and (2) he had not raised an issue of material fact with respect to the legitimate, non-discriminatory reasons proffered by the Butler VA for its actions. The District Court agreed and granted summary judgment to the Butler VA.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over summary judgment and we apply the same standard that the lower court should have applied." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In making this determination, we must consider the evidence in the record in the light most favorable to the nonmoving party." *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (citations & internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a).

Claims arising under the ADEA are analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Smith*, 589 F.3d at 691. Per *McDonnell Douglas*, the plaintiff bears the initial burden of demonstrating all of the elements of a *prima facie* case of discrimination or retaliation. *Id.* If the plaintiff succeeds, the burden of production shifts to the defendant to introduce evidence of a legitimate, non-discriminatory reason for the adverse employment action. *Id.* Once the defendant meets this burden, the burden shifts back to the plaintiff to demonstrate that the defendant's stated justification is pretext for age-based discrimination. *Id.*

Age Discrimination

To establish a *prima facie* case of age discrimination under the ADEA, Vasbinder must demonstrate (1) that he is forty years of age or older; (2) that the Butler VA took an adverse employment action against him; (3) that he was qualified for the position in question; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See id.* at 689; *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356-57 (3d Cir. 1999). Butler VA claims to be entitled to summary judgment because Vasbinder failed to satisfy the fourth element of a *prima facie* case.

Vasbinder's sparse evidence of discriminatory animus cannot support an inference of age-based discrimination. His only evidence of discriminatory animus is a comment by Sedgwick that he was eager for several older employees to retire. Vasbinder admits that Sedgwick's comment is merely a "stray remark," but he argues that it reveals a hostility motivating many of the adverse employment actions taken against him. Vasbinder's contention, however, is unsupported by the record. *Cf. Anton v. Perry*, 82

6

F.3d 1291, 1301-02 (3d Cir. 1996) (finding that the frequent use of employee's degrading nickname, along with evidence of its effect on the employee, constituted "much more than a mere stray remark" and provided evidence of discrimination).

Vasbinder relies on evidence that Sedgwick's account of the November 2008 incident was unreliable, but such evidence, if true, does not prove that the actual reason underlying the demotion was Vasbinder's age. Even if Vasbinder can demonstrate that the decision to demote him resulted from an inadequate investigation into the November 2008 incident or an overreliance on Sedgwick's account of the incident, he bears the burden of producing evidence that age-based discrimination underlay the decision. *See Staub v. Proctor Hospital*, 131 S.Ct. 1186, 1193-94 (2011). Yet Vasbinder fails to demonstrate that his age was an "unstated factor" in Butler VA's decision to demote him.

Moreover, even if Vasbinder could establish a *prima facie* case of discrimination, he cannot demonstrate that the Butler VA's stated justification for his demotion – the November 2008 incident – was pretext for age-based discrimination. Vasbinder's claim can only survive summary judgment if he introduces evidence from which a factfinder could reasonably "(1) disbelieve the employer's articulated legitimate reasons; [or] (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Apart from conclusory statements that he suffered age-based discrimination, Vasbinder failed to introduce any evidence to satisfy the "difficult burden" of demonstrating pretext. *Id.* He cites alleged "weaknesses, implausibilities,

7

inconsistencies, incoherencies . . . [and] contradictions" in Sedgwick's account of the November 2008 incident to argue that the Butler VA's stated justification is pretext. *Id.* But his reliance on these alleged inaccuracies is misguided because he must show that *discriminatory animus* motivated the adverse employment action, not that the demotion was merely "wrong or mistaken." *Id.* Indeed, even if Vasbinder could show that the November 2008 incident was pretext for his demotion, the evidence indicates that the "bad blood" between Vasbinder and Sedgwick is a far more likely reason for the adverse employment action than age-based discrimination.

Retaliation

Vasbinder similarly failed to demonstrate that the Butler VA's stated reason for hiring Campbell was pretext for retaliation against Vasbinder on account of his EEO activity. His sole evidence of pretext for his retaliation claim is (1) that Michalek served on the interview panel when he was allegedly biased against Vasbinder because of his EEO complaints, and (2) that his work experience made it "implausible" that Campbell gave better answers to the interview questions than Vasbinder. The record gives no indication that Heiger put Michalek on the panel in retaliation for Vasbinder's EEO complaints or that Michalek was in fact biased against Vasbinder. Vasbinder's argument fails to consider that each of the interviewers ranked Campbell as a better candidate than Vasbinder for the position. All three panelists testified that they had no knowledge of Vasbinder's EEO activity at the time of the interview and Vasbinder has introduced no evidence to contradict them. Vasbinder's mere incredulity that another candidate could

8

outperform him in an interview does not support his claim that the Butler VA's justification is pretext.

*   *   *   *   *

For these reasons, we will affirm the District Court's grant of summary judgment to the Butler VA.